SEP 1 3 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LESLIE DIANE GIBSON,<br>Petitioner, | Civil Action No. 7:05-cv-00505<br>Crim. No. 5:96-cr-30056 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, a federal inmate proceeding pro se, brings this action styled as a "motion to alter and/or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." In brief, petitioner asserts that the sentence imposed upon her is in violation of constitutional principles newly set forth in United States v. Booker, 125 S. Ct. 738 (2004) and related cases.

Rule 60(b) of the Rules of Civil Procedure offers the court no authority to overturn petitioner's criminal conviction or sentence. Furthermore, petitioner fails to offer any ground on which this court could grant relief from the judgment entered in petitioner's previously filed motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, Civil Action No. 7:99-cv-00694. Rule 60(b) permits the court to relieve a party from a final judgment, order or proceeding for reasons of mistake, inadvertence, excusable neglect, or surprise. Petitioner makes no showing that the judgment entered in petitioner's previous §2255 action is defective for any of these reasons. Rather, petitioner raises new arguments under Booker, and such arguments are not properly addressed under Rule 60(b). See Dowell v. State Farm Fire and Cas. Auto Ins. Co., 774 F. Supp. 996 (S.D. W.Va. 1991)(change of law after judgment is not sufficient basis for vacating judgment). Moreover, the United States Court of Appeals for the Fourth Circuit has specifically held that if a federal inmate in a closed § 2255 action attempts to bring a motion under Rule 60(b) that

1

does not fall under the provisions of that rule, the court must address the pleading as a successive §2255 motion. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).

As the court has determined that petitioner's pleading must be treated as a motion under §2255, the court must also summarily dismiss the motion. As stated, petitioner previously pursued a §2255 motion challenging the same conviction and sentence. Thus, petitioner's current §2255 motion is a subsequent or successive one. See §2255, ¶8. This court may consider a second or successive §2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. As petitioner has not submitted any evidence of such certification by the Court of Appeals, the court must summarily dismiss the instant §2255 motion. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

*[signature]*
Senior United States District Judge